Filed 2/25/16  P. v. Martinez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064172 |
| v. | (Super.Ct.No. RIF1202727) |
| HENRY SAMUEL MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Rebecca L. Dugan, Judge.  Affirmed.

Eric Cioffi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Henry Martinez appeals from the superior court's order denying in part his petition for resentencing under Proposition 47 because the court determined the total of the checks he received exceeded $950.  We affirm.

1

## PROCEDURAL BACKGROUND

On July 26, 2012, defendant pled guilty to receiving stolen checks (Pen. Code, § 496, subd. (a)), possessing methamphetamine (Health & Saf. Code, § 11377), and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364.1).[1] Defendant admitted to having five prison term priors (§ 667.5, subd. (b)).

On August 17, 2012, the trial court sentenced defendant to eight years in prison as follows: the upper term of three years for the receiving count, concurrent terms on the other two counts, plus five consecutive one-year terms for the prison priors. The court suspended the prison term on the condition that defendant successfully complete 36 months of formal probation.

On January 31, 2013, the superior court revoked defendant's probation and sentenced him to eight years, to be served in county jail.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

On May 7, 2015, defendant filed a petition for resentencing under Proposition 47.

---

[1] Section references are to the Penal Code unless otherwise indicated.

The superior court held a hearing on the petition on July 10, 2015. The court granted the petition as to defendant's drug possession charge and reduced it to a misdemeanor. However, the court denied the petition as to the receiving stolen checks charge because the two checks that defendant possessed were in the amounts of $925 and $870, which in the aggregate totaled more than $950.

This appeal followed.

**DISCUSSION**

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and a potential arguable issue, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

As previously noted, Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. The passage of Proposition 47 also created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory

3

framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a).) If a defendant properly seeks recall and resentencing pursuant to section 1170.18, subdivision (a), the trial court must grant resentencing unless, in its discretion, it determines resentencing "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

Among the crimes reduced to misdemeanors by Proposition 47, rendering the person convicted of the crime eligible for resentencing, is receiving stolen property where the property value does not exceed $950 (§ 496, subd. (a)).

Here, as the trial court concluded, the record shows defendant was ineligible for reduction of his receiving stolen property conviction to a misdemeanor because the value of the property exceeded $950.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

4